UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION | * * * | CIVIL ACTION NO. |
| VERSUS | * * | SECTION " " |
| THE M/V OCEAN RUNNER VII AND THE M/V OCEAN RUNNER I, ALONG WITH THE ENGINES, BOILERS, APPAREL, ETC., IN REM | * * * * | MAGISTRATE |

## VERIFIED COMPLAINT

Plaintiff, Caterpillar Financial Services Corporation, for its Complaint respectfully represents:

## DESCRIPTION OF ACTION

1. This is an action against The M/V Ocean Runner VII and The M/V Ocean Runner I, its engines, boilers, tackle, apparel, etc., *in rem*, to recognize a maritime lien in favor of plaintiff.

1

## THE PARTIES

2. Plaintiff, Caterpillar Financial Services Corporation ("Caterpillar"), is a foreign corporation organized under the laws of the United States and doing business in the State of Louisiana.

3. The documented U.S. vessel, The M/V Ocean Runner VII, bearing Official No. 557058 (the "OR VII"), is owned by Marine Management Contractors, Inc. ("Owner"), a Louisiana Corporation domiciled in St. Landry Parish. OR VII is afloat within the Western District of Louisiana and the jurisdiction of this Court.

4. The documented U.S. vessel, The M/V Ocean Runner I (a/k/a Monitos 7 and Chief), bearing Official No. 529798 (the "OR I"), is owned by Marine Management Contractors, Inc. ("Owner"), a Louisiana Corporation domiciled in St. Landry Parish. OR I is afloat within the Western District of Louisiana and the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1333 in that this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims.

6. Venue is proper in this district in that the Vessels are located within this district, as required by 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

7. Caterpillar is the owner and holder of Promissory Note, dated January 12, 2004, in the principal amount of $975,000.00, made payable by Owner to the order of Caterpillar, with principal, interest, attorneys' fees and costs as set forth more fully therein (the "Promissory Note"), all as will appear more fully from a true and correct copy of the Promissory Note which is attached hereto as Exhibit 1 and incorporated herein by this reference.

8. On January 12, 2004, the Owner entered into a Loan Agreement with Caterpillar in the principal amount of $975,000.00, pursuant to which the Owner purchased three vessels: the Ocean Runner VII (a/k/a "Champ"), the Sand Queen (a/k/a "Brave")[1], and the Ocean Runner I (a/k/a Monitos 7 and "Chief"). A copy of the Loan Agreement is attached as Exhibit 2 and incorporated herein by this reference.

9. To secure the payment of all sums due under the Loan Agreement, the Owner, as mortgagor, duly executed and delivered to Caterpillar, as mortgagee, a Preferred Ship Mortgage, dated January 12, 2004, on the OR VII, its engines, tackle, apparel, etc., all as more fully described therein (the "OR VII Ship Mortgage"). A copy of the recorded OR VII Ship Mortgage is attached hereto as Exhibit 3 and incorporated herein by this reference.

10. The OR VII Ship Mortgage was received for recordation by the U.S. Coast Guard at its National Vessel Document Center, on or about January 13, 2004, at 2:45 p.m., and recorded in Batch Number 190262, Document ID 1664903.

---

[1] The Sand Queen (a/k/a Brave) is subject to a Complaint filed by Bollinger Shipyards Lockport, L.L.C. in the Western District of Louisiana, Case No. CV06-0499, to enforce a maritime lien held by Bollinger. Caterpillar intends to intervene in that proceeding to enforce its Preferred Ship Mortgage; therefore, the Sand Queen is not subject to this Complaint.

11. At the time the Ship Mortgage was executed on the OR VII, said Vessel was, and still remains, duly licensed and enrolled under the laws of the United States, having a home port of Amelia, Louisiana.

12. All of the acts and things required to be done by 46 U.S.C. § 31322, in order to give the OR VII Ship Mortgage the status of a first preferred ship mortgage, were done or caused to be done, by Caterpillar or by the U.S. Coast Guard.

13. To secure the payment of all sums due under the Loan Agreement, the Owner, as mortgagor, duly executed and delivered to Caterpillar, as mortgagee, a Preferred Ship Mortgage, dated January 12, 2004, on the OR I, its engines, tackle, apparel, etc., all as more fully described therein (the "OR I Ship Mortgage"). A copy of the recorded OR I Ship Mortgage is attached hereto as Exhibit 4 and incorporated herein by this reference.

14. The OR I Ship Mortgage was received for recordation by the U.S. Coast Guard at its National Vessel Document Center, on or about January 13, 2004, at 2:36 p.m., and recorded in Batch Number 190261, Document ID 1664892.

15. At the time the Ship Mortgage was executed on the OR I, said Vessel was, and still remains, duly licensed and enrolled under the laws of the United States, having a home port of Amelia, Louisiana.

16. All of the acts and things required to be done by 46 U.S.C. § 31322, in order to give the OR I Ship Mortgage the status of a first preferred ship mortgage, were done or caused to be done, by Caterpillar or by the U.S. Coast Guard.

17. On or about December 14, 2004, the Owner and Caterpillar entered into a Rescheduling Agreement and Amendment to Preferred Ship Mortgage, in which the Promissory Note was amended and payments on the Promissory Note rescheduled. A copy of the Rescheduling Agreement is attached as Exhibit 5.

18. The Owner is now in default on the Promissory Note, having failed to make monthly payments on the account since the payment due on February 1, 2009. The Promissory Note provides that in the event any installment on the Promissory Note is not paid when due, that all sums due thereunder, including without limitation the unpaid amount, shall at once become due and payable at the option of the holder. Because of the failure of the Owner to pay the installments due under the Promissory Note for the months of February 2009 through March 2010, Caterpillar has declared and does hereby further declare all sums due thereunder immediately due and payable.

19. The balance due on the Promissory Note and Preferred Ship Mortgages as of February 3, 2010, was $697,765.47, plus interest of $103.42 per diem thereafter, plus attorneys' fees and costs.

20. Default under the Promissory Note, as specified above, is an event of default under the Preferred Ship Mortgage entitling Caterpillar to exercise its rights thereunder.

## COUNT I

21. Caterpillar realleges each of the allegations of paragraph 1-20 above as if set forth in full herein.

22. Caterpillar is the holder and owner of the Promissory Note, Loan Agreement, and the Preferred Ship Mortgages, and has the right in its own name to enforce and collect the obligations evidenced by the Promissory Note and Loan Agreement and to enforce the Preferred Ship Mortgages.

23. Because of the default under the Promissory Note and the Preferred Ship Mortgages as specified above, Caterpillar is entitled have the lien and encumbrances of the Preferred Ship Mortgages recognized and enforced as valid first Preferred Ship Mortgages against the OR VII and the OR I, and for such other legal and equitable relief as is just and causes of admiralty and maritime jurisdiction.

## COUNT II

24. Caterpillar realleges each of the allegations of paragraphs 1-23 above as if set forth in full herein.

25. Pursuant to the United States Code, notice of these proceedings must be given the owner or master of the OR VII and OR I and all persons who have recorded lien(s) with the U.S. Coast Guard, and Caterpillar requests the Court to order such notification to be made to such persons by certified mail, delivered to their last known address.

26. An Affidavit by plaintiff's authorized representative verifying the facts of the petition is attached as Exhibit 6.

27. Pursuant to local rule, Caterpillar agrees to hold harmless and indemnify the U.S. Marshall and all of its deputies from any and all liability as a result of seizing the OR VII and OR I.

28. Marine Management Contractor, Inc. commenced a voluntary case under Chapter 11 of Title 11 of the U.S. Code on April 5, 2006, which case was converted to one under Chapter 7 on August 3, 2009. On March 22, 2010, an order was entered lifting the automatic stay of 11 U.S.C. §362 to allow Caterpillar Financial Services Corporation to proceed to enforce its preferred ship mortgages on the vessels. A copy of the Order lifting stay is attached as Exhibit 7.

WHEREFORE, plaintiff, Caterpillar Financial Services Corporation, prays:

1. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the U.S. Vessel, The M/V, the Ocean Runner VII, bearing Official No. 557058, its engines, tackle and apparel, etc., , and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the Preferred Ship Mortgage in favor of Caterpillar Financial Services Corporation, be declared to be a valid and subsisting lien upon the said Vessel, its engines, tackle, apparel, etc., *in rem*, and that the said Ocean Runner VII be seized and sold to satisfy all amounts owed Caterpillar as set forth herein; and

2. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the U.S. Vessel, The M/V, the Ocean Runner I, bearing Official No. 529798, its engines, tackle and apparel, etc., , and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the Preferred Ship Mortgage in favor of Caterpillar Financial Services Corporation, be declared to be a valid and subsisting lien upon the said Vessel, its engines, tackle, apparel, etc., *in rem*, and that the said Ocean Runner I be seized and sold to satisfy all amounts owed Caterpillar as set forth herein;

3. For judgment *in rem* against the M/V Ocean Runner VII and Ocean Runner I as provided by 46 U.S.C. §31342 in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorney's fees;

4. That any property attached in this proceeding be sold under the direction of this Court, and that the proceeds of the sale be brought in the Court to satisfy all amounts owed Caterpillar Financial Services Corporation;

5. That notice of these proceedings be given the owner or master of the OR VII and OR I and all persons who have recorded lien(s) with the U.S. Coast Guard by certified mail, delivered to their last known address; and

6. That this Court grant Caterpillar Financial Services Corporation such other and further relief which it may deed just and proper.

Respectfully submitted, this 21st day of May, 2010.

_____
Jon Ann Giblin, T.A. (#23093) T.A.
Zelma M. Frederick (#31459)
McGlinchey Stafford, PLLC
One American Place, 14th Floor
Baton Rouge, Louisiana 70825
Telephone: (225)383-9000
Facsimile: (225) 343-3076
ATTORNEYS FOR CATERPILLAR FINANCIAL
SERVICES CORPORATION

INFORMATION FOR SERVICE:

Please arrest the M/V OCEAN RUNNER VII AND the M/V OCEAN RUNNER I, its engines, tackles, equipment and furnishings, etc., which are presently located at 499 Main Port CT, Houma, Louisiana.

8

Notice address for Marine Management Contractors, Inc.
108 Abigayles Row
Scott, LA  70583